JOHN G. BURGEE, ESQ. (State Bar No. 132129)
**jburgee@bandalaw.net**
BURGEE & ABRAMOFF, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
Tel: (818) 264-7575

Attorneys for Defendants BURGEE & ABRAMOFF
PROFESSIONAL CORPORATION, ROBERT
ABRAMOFF and JOHN BURGEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO GUO aka VANESSA GUO, an individual; and GOSDOM, INC., a California corporation,<br><br>              Plaintiffs,<br><br>     v.<br><br>KEVIN ROBL, an individual, *et al.,*<br><br>              Defendants.<br>_____ | CASE NO. 2:22-CV-05576-FWS-MAA<br>[The Hon. Fred W. Slaughter]<br><br>REPLY TO OPPOSITION TO MOTION OF DEFENDANTS BURGEE & ABRAMOFF PROFESSIONAL CORPORATION, ROBERT ABRAMOFF AND JOHN BURGEE TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date:  November 3, 2022<br>Time: 10:00 a.m.<br>Courtroom: 10D<br>              411 W. 4th Street<br>              Santa Ana, CA 92701 |

Defendants BURGEE & ABRAMOFF PROFESSIONAL CORPORATION (erroneously sued as "BURGEE AND ABRAMOFF"), ROBERT ABRAMOFF and JOHN BURGEE submit the following reply to the Opposition to their Motion to dismiss the Third, Fourth and Seventh Claims for Relief stated in the Complaint, constituting all claims asserted against said Defendants.

## I.    INTRODUCTION.

The objection to Plaintiffs' pleading is based upon claims asserted though conclusory allegations without supporting facts.  That is not the standard.  A plaintiff

could allege any claim against a defendant if conclusions were acceptable.  The standard therefore requires facts to be alleged – specifically sufficient facts to *plausibly* support the alleged conclusions.

Plaintiffs predominently rely on outdated law regarding the applicable pleading requirements.  Based upon the 2007 decision of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), which was subsequently refined by *Ashcroft v. Iqbal,* 556 U.S. 662(2009), the plausibility standard for pleading claims was established, requiring the allegation of facts to show that a claim is plausible to survive a motion to dismiss as discussed in the Moving Papers.  No longer was simple notice pleading adequate. A complaint must plead "facts to 'state a claim to relief that is plausible on its face.' " *Plaskett v. Wormuth*, 18 F.4th 1072, 1083 (9th Cir. 2021).

Plaintiffs principally rely on unspecified contracts in support of their claims. Plaintiffs assert that the contracts set forth restrictions on the use of investment funds (which were misrepresented by the Defendants other than Movants).  The basis for Plaintiffs' claims against Movants is the alleged failure to insure funds were used in conformance with the contracts.  The contracts are thus at the core of Plaintiffs' claims.

However, the contracts are not provided with the complaint and the terms of the contract are not discussed.  If these contracts are the foundation of Plaintiffs' claims against Movants, they should be provided.  Movants submit that Plaintiffs are mischaracterizing the contracts and the reason that Plaintiffs are not providing them as factual support for their pleading is that the contracts wholly undermine Plaintiffs' claims.  Plaintiffs are attempting to get their claims into Court without providing the facts because the facts do not support any claim against Movants.

The facts that a missing from the Complaint are the facts regarding the contracts that are the foundation of the alleged claims.  As stated in the Opposition, the Complaint vaguely alleges that there were some sort of "loan or investment

agreements" prepared for investors (*i.e.* not necessarily Plainitffs).  (Complaint ¶ 53.)
The Opposition claims that B&A prepared these contracts, however what is alleged in
the Complaint is an allegation "on information and believe", which means that
Plaintiffs are guessing that B&A prepared the unspecified contracts but do not really
know.  (¶ 54.)  The agreements could have been prepared by other attorneys or by the
other Defendants copying B&A contracts and modifying the terms.

The only two contracts actually attributed to B&A are two "Investment
Agreements" with third party investors, not Plaintiffs, for the "Wish Dragon" project.
(¶ 62(a) and 62(b).)  Plaintiffs allege that the these contracts involved funds being
sent to Defendant Base Media, not B&A (or the "fake" Base Media).  (*Id.*)   There is
no allegation that the "Wish Dragon" project was bogus or that the funds were not
used in the production of that picture by Base Media.

Plaintiffs independently claim that funds went to B&A's trust account for
"Wally's Wonderland", based upon representations of Defendant Chase as to how
funds would be use.  (¶ 59.)  There is no allegation that Movants made any
representations to Plaintiffs regarding such funds, or that there was any contract
regard the use of the funds confirming the alleged representations of Defendant
Chase, or that Movants were ever advised regarding any restrictions on the funds, or
that Movants were provided any contract containing restrictions on the funds.  There
is also no allegation as to what information was provided to Movants about the funds,
which clearly could be substantially different than what was allegedly represented to
Plaintiffs.  Nonetheless, on "information and belief", Plaintiffs claim that the funds
were misused (which is an assumption, Plaintiffs having no allegation as to how the
funds were actually used).  (¶ 59.)  Additionally, on "information and belief"
Plaintiffs claim that B&A should have been policing the other Defendants and
somehow stopped any misuse of funds based upon unspecific agreements.  (¶ 67.)
There is no support for this argumentative allegation.
//

3

The sum total of Plaintiffs' allegations regarding Movants which are not based upon assumptions and guesses is that B&A allegedly prepared two contracts with third parties (for a legitimate project) and that some non-specific investment funds of non-specific parties was sent to the B&A trust account.  Everything else alleged by Plaintiffs is a conclusion, an argument or a guess.  The actually factual allegations are not sufficient to state any plausible claim against Movants, especially the individual parties.  This Motion should be granted.

## II.   PLAINTIFFS HAVE NOT PLEAD A PLAUSIBLE CLAIM FOR VIOLATION OF THE PENAL CODE AGAINST EACH OF MOVANTS.

Penal Code 496(a) requires "knowing the property to be so stolen or obtained".  *Siry Investment, L.P. v. Farkhondehpour*, 13 Cal.5th 333, 361-362 (2022), confirms that criminal knowledge is a mandatory element of Plaintiffs' claim under this statute.  Plaintiffs therefore cannot state a claim under the Penal Code without facts to provide a plausible basis for criminal knowledge.

Plaintiffs' claim fails since the allegation of knowledge is made *without any supporting facts.*  The only allegation actually in the Complaint is the naked conclusion that Movants supposedly knew that funds were allegedly being misused. (Complaint ¶ 105.)  No facts alleged to show that the "Lawyer Defendants" consisting of three distinct parties had knowledge that there was any misuse of funds (assuming that the funds in lawyer's trust account were being misused).

The Oppositions claims that the alleged misuse of funds should have been evident from the unspecified terms of the contracts which are not provided with the complaint.  Plaintiffs' allegation is a conclusion.  *The purported terms of the contracts are not alleged in the Complaint (and there is no citation in the Opposition to this allegation as being in the pleading).*  There is no allegation as to what was contained in the contracts which would purportedly provide notice to Movants of any misuse of funds.  *Those facts are required to be pled, and if Plaintiffs do indeed have*

4

*facts to support this claim of knowledge, there is no reason to excuse Plaintiffs'*
*failure to provide them to show a plausible claim.*

Further, as discussed, the Complaint does not factually allege that any contracts involving funds sent to B&A's trust account were prepared by Movants. Plaintiffs were only assuming that B&A prepared contracts other than the two identified that did not involve money being sent to the trust account. In fact, there was no factual allegation as to what B&A knew or was told about any funds it received.

Moreover, like the pleading, the Opposition improperly lumps Movants into a single group. This is not appropriate. Plaintiffs' claims do not make any effort to show that this claim is viable against each of the individual Movants.

Plaintiffs are simply shooting in the dark and unjustifiably suing inappropriate parties. Plaintiffs arguments therefore seek to shift the burden to Movants to defend an unsupported claim. This is certainly not appropriate. It is Plaintiffs burden to state a plausible claims supported by facts, not speculation and conclusions. Either Plaintiffs have facts to support this claim which should be alleged in their pleading, or the claim should be dismissed. Plaintiff has not pled those facts in the Complaint; the Court should grant this Motion.

## III. PLAINTIFFS HAVE NOT PLEAD A PLAUSIBLE CLAIM FOR FIDUCIARY DUTY AGAINST EACH OF MOVANTS.

Plaintiffs attempt to confuse the facts in order to misapply the law. A lawyer does not become a fiduciary by implication. The attorney must "assume a fiduciary relationship." *Crooks v. State Bar*, 3 Cal. 3d 346, 355 (1970).

The Opposition attempts to argue that B&A received funds to hold on behalf of Plaintiffs. The cases that Plaintiffs cite pertain to an attorney's receipt of funds ear-marked for a third party or where a party voluntarily undertakes to be a trustee of the funds. Even the lead case cited in the Opposition echoes the law stated in the Moving Papers that: """ '[B]efore a person can be charged with a fiduciary obligation, he must

either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law.' " " *McMillin v. Eare*, 70 Cal.App.5th 893, 912 (2021).  There is no agreement or relationship here.

Plaintiffs incorrectly assert that Movants received funds on behalf of investors.  However, what is alleged in the Complaint is that B&A received investment funds.  Such funds were not received "on behalf of" the investors; they were received "from", on behalf of their client.

Plaintiffs once again rely on speculation as to what Movants knew and/or were told.  Plaintiffs again reference contracts that are not provided with the Complaint nor are any of the terms provided.  There is no showing that Movants were provided any restrictions on the funds whatsoever or were told or agreed to be a fiduciary.  The only factual allegation in the Complaint was that money was transferred to the trust account.  Receipt of funds alone is not a basis for any claim.

An attorney does not acquire a fiduciary duty to a third party when there is no agreement to be a fiduciary, and no notice to the attorney of any claim or restriction on funds received.  This claim is unsupported and should be dismissed.

## IV.   PLAINTIFFS HAVE NOT PLEAD A PLAUSIBLE CLAIM FOR SECURITIES FRAUD AGAINST EACH OF MOVANTS.

This is no allegation in this claim as to any of the Movants and the allegations the Opposition claims to support this claim are nowhere in the Complaint.  There are no facts that Movants prepared any agreement that they knew was being used for fraudulent purposes , or that Movants knew that there were any misrepresentations by Chase and Robl contained in the agreements.

The Opposition admits that a viable claim requires an intent to deceive or defraud.  Specific facts must be plead and the unpled allegations submitted in the Opposition are assumptions and conclusions are insufficient to establish a plausible

1    claim.  There is no facts showing that any of the Movants drafted any agreement for

2    the purpose of facilitating any fraud, or that Movants knowingly included

3    misrepresention in any contract or that Movants knew that funds were allegedly being

4    misused.  It is not even clear from the Complaint what the misrepresentations, where

5    the misrepresentations are in any contract, who prepared any contract with an alleged

6    misrepresentation, or that funds were not used in conformance with any contract.

7            This claim is entirely without support against any of the Movants and should

8    be dismissed.

9

10   **V.     CONCLUSION.**

11           A federal lawsuit is not a fishing expedition that allows a plaintiff to burden

12   defendants and the court which possible claims or potential causes of action.  As set

13   forth in the moving papers, pleading a viable claim requires plausibility derived from

14   factual allegations.  Not assumptions.  Not conclusions.  Plausibility must be founded

15   on facts.  As is patently clear, Plaintiffs do not have facts to support any plausible

16   claim against Movants, especially the individual Movants.  The claims against

17   Movants should be dismissed without leave to amend.

18

19   DATED: October 20, 2022          BURGEE & ABRAMOFF, P.C.

20

21                                     By: ____/s/  John G. Burgee_____
                                            JOHN G. BURGEE
22                                     Attorneys for Defendants BURGEE & ABRAMOFF
                                       PROFESSIONAL CORPORATION, ROBERT
23                                     ABRAMOFF and JOHN BURGEE

24

25

26

27

28