_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:22-cv-05576-FWS-MAA | Date: January 10, 2025 |
| Title: Yao Guo, *et al.* v. Kevin Robl, *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER [65]**

In this case, Plaintiffs Yao Guo and Gosdam, Inc. (together, "Plaintiffs") assert claims related to an alleged Ponzi scheme against Defendants Kevin Robl ("Robl"), Remington Chase ("Chase"), Christopher Bremble ("Bremble"), Base Media Technology Group Limited ("Base Media"), Production Capital LLC ("Production Capital"), Production House International, LLC ("Production House"), John Burgee ("Burgee"), Robert Abramoff ("Abramoff"), Burgee & Abramoff P.C. ("B&A"), and unnamed Does. (*See generally* Dkt. 28 ("Second Amended Complaint" or "SAC").). The court dismissed with prejudice Plaintiffs' claims against Burgee, Abramoff, and B&A, (Dkt. 54), and Plaintiffs' claims against Chase, Bremble, and Base Media, (Dkt. 65 at 8), leaving only Plaintiffs' claims against Robl, Production Capital, and Production House (the "Remaining Defendants"). On November 25, 2024, the court denied without prejudice Plaintiffs' Motion for Default Judgment against the Remaining Defendants. (Dkt. 65.) The court explained that Plaintiffs failed to make a sufficient showing that the court has personal jurisdiction over the Remaining Defendants or that it was appropriate to grant default judgment given that Plaintiffs sought nearly $15 million, and that Plaintiffs also offered inadequate evidence to support their requested damages. (*Id.* at 4-8.) The court stated that "[i]f Plaintiffs wish to file a renewed motion for default judgment addressing the deficiencies

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-05576-FWS-MAA | Date: January 10, 2025 |
| Title: Yao Guo, *et al.* v. Kevin Robl, *et al.* | |

identified in this order, Plaintiffs must do so on or before **January 6, 2025**." (*Id.* at 9.) Further, the court noted that "[f]ailure to file a renewed motion for default judgment or to seek other appropriate relief by **January 6, 2025**, will result in dismissal of this action with prejudice without further notice for failure to prosecute and/or comply with a court order," citing authority regarding courts' power to dismiss actions with prejudice for lack of prosecution. (*Id.*) The deadline for Plaintiffs to file a renewed motion for default judgment has passed and Plaintiffs have filed nothing. (*See generally* Dkt.)

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the court concludes these factors support dismissal due to Plaintiffs' failure to prosecute this case and comply with the court's order setting a January 6, 2025, deadline to file a renewed motion for default judgment to address the deficiencies the court specifically identified in its order. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. When a plaintiff fails to follow a court order to file a motion for default judgment, "the action to come[s] to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification); *see Keawe v. Dept of Pub. Safety*, 2024 WL 1495085, at *2 (D. Haw. Mar. 15, 2024), *report and recommendation adopted,* 2024 WL 1492630 (D. Haw.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 2:22-cv-05576-FWS-MAA                                              Date: January 10, 2025
Title: Yao Guo, *et al.* v. Kevin Robl, *et al.*

---

Apr. 5, 2024) (dismissing case without prejudice when plaintiff failed to comply with court deadlines to file motion for default judgment, reasoning as to this factor, "Second, the Court's need to manage its docket weighs in favor of dismissal because Plaintiff's failure to comply with the Court's prior orders has interfered with the Court's ability to manage its docket"); *cf. Alliant Credit Union v. Vessel EAGLE REST*, 2010 WL 3746727, at *1 (N.D. Cal. Sept. 20, 2010) (explaining that a plaintiff's failure to comply with a court order to file an amended complaint or dismiss "inherently delays resolution of the case and works to the detriment of the public").

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiffs offer no reason for failing to timely file a motion for default judgment despite being given ample time to do so. In addition, "given Defendant[s'] default, the risk of prejudice to Defendant[s] is minimal." *Keawe*, 2024 WL 1495085, at *2. The court finds this factor therefore favors dismissal.

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Plaintiffs' failure to timely prosecute this case, including their failure to file a motion for default judgment by the court's deadline, lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. The court therefore finds this factor is neutral and does not preclude dismissal.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:22-cv-05576-FWS-MAA | Date: January 10, 2025 |
| Title: Yao Guo, *et al.* v. Kevin Robl, *et al.* | |

Finally, the court has attempted less drastic alternatives, but they have failed. The court gave Plaintiffs ample time to file a renewed motion for default judgment addressing the identified deficiencies. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) ("Here the fact that the district court first allowed Ferdik an additional thirty days in which to amend his complaint to bring it into compliance with Rule 10(a), constituted an attempt at a less drastic sanction to that of outright dismissal."). The court also informed Plaintiffs that failure to file a motion for default judgment or seek other relief by the court's deadline would result in dismissal of their claims. (Dkt. 65); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action."). This favor therefore weighs in favor of dismissal.

In summary, on balance, the court finds the relevant factors weigh in favor of dismissal. *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here."); *Yong Koo v. Portillo*, 2020 WL 10313717, at *1 (C.D. Cal. Jan. 21, 2020) (dismissing action with prejudice for lack of prosecution and failure to comply with court orders when the plaintiff failed to file a motion for default judgment by court's deadline); *Kyu Hwa Back v. Jose Gonzalez*, 2020 WL 4018813, at *2 (C.D. Cal. Feb. 18, 2020) (dismissing case without prejudice for same); *Jong Ja Kim v. Reggie's Enterprises, Inc.*, 2019 WL 8017786, at *1 (C.D. Cal. Nov. 4, 2019) (same). The court gave Plaintiffs ample time to file a motion for default judgment, and warned Plaintiffs that failure to file a motion for default judgment or seek other appropriate relief by the deadline would result in dismissal, yet Plaintiffs failed to file a motion for default judgment by the deadline or otherwise prosecute this case. This case is therefore **DISMISSED WITH PREJUDICE**.