Christopher D. Lee (SBN: 310042)
L.A. COMMERCIAL ATTORNEY, A PROF. LAW CORP.
9660 Flair Dr., Ste 438,
El Monte, CA 91731
Telephone: (626)782-7383
Facsimile: (626)782-7342
Email:Christopher@lacommerciallaw.com

Attorneys for Plaintiffs VANESSA GUO and GOSDOM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO GUO aka VANESSA GUO, an individual; and GOSDOM, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN ROBL, an individual; REMINGTON CHASE aka WILLIAM CHASE aka WILLIAM WESTWOOD, an individual; CHRISTOPHER BREMBLE, an individual; BASE MEDIA TECHNOLOGY GROUP LIMITED, a Hong Kong corporation; PRODUCTION CAPITAL LLC, a Delaware limited liability company; PRODUCTION HOUSE INTERNATIONAL, LLC, a Wyoming limited liability company; JOHN BURGEE, an individual; ROBERT ABRAMOFF, an individual; BURGEE & ABRAMOFF, a California law corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-05576-FWS-MAA<br><br>Honorable Fred W. Slaughter, Judge Presiding<br><br>**PLAINTIFFS YAO GUO AND GOSDOM, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

**APPLICATION TO FILE UNDER SEAL**

## I. INTRODUCTION

Pursuant to Central District of California Local Civil Rule 79-5.2.2, Plaintiffs submits this Application for Leave to File Under Seal certain documents that include Plaintiff GUO's confidential health information.

Plaintiffs identify below the documents that are being conditionally under seal, either in their entirety or with redactions, and provides the basis for sealing Ms. Guo's health information in the following declarations and documents. *See* Declaration of Christopher D. Lee in Support of Plaintiffs' Application for Leave to File Under Seal, ¶¶ 2-3.

## II. DOCUMENTS CONDITIONALLY FILED UNDER SEAL

Plaintiffs are filling under seal for purposes of this motion the following declarations and documents that are to be concurrently filed with Plaintiffs' Motion to Set Aside Dismissal Under F.R.C.P. Rule 60:

| Document | Portions to be filed under seal |
| --- | --- |
| Guo Decl. | Redaction highlighted in yellow |
| Hong Liang, M.D. Decl. | Redaction highlighted in yellow |
| Exhibit A to Guo Decl. | Entire Document |
| Exhibit B to Guo Decl. | Entire Document |
| Page 4, lns. 21 to 25 to Plaintiffs' Motion to Set Aside Dismissal | Redaction highlighted in yellow |

## III. ARGUMENT

"In this circuit, we start with a strong presumption in favor of access to court records. The common law right of access, however, is not absolute and can be overridden[.]" *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th

1  Cir. 2003). There are generally two standards governing motions to file documents
2  under seal—the "good cause" standard and the "compelling reasons" standard.
3  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010).

4  Under the compelling reasons standard, a party must "articulate compelling
5  reasons supported by specific factual findings that outweigh the general history of
6  access and the public policies favoring disclosure, such as the public interest in
7  understanding the judicial process." *Kamakana v. City and Cty. of Honolulu*, 447
8  F.3d 1172, 1179 (9th Cir. 2006). "[C]ompelling reasons sufficient to outweigh the
9  public's interest in disclosure and justify sealing court records exist when such
10  court files might have become a vehicle for improper purposes, such as the use of
11  records to gratify private spite, promote public scandal, circulate libelous
12  statements, or release trade secrets." *Id*. (cleaned up).

13  Documents containing a party's personal and medical information is appropriate
14  for sealing. *See e.g.*, *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784, 2018
15  U.S. Dist. LEXIS 225905, at *3 (C.D. Cal. July 3, 2018) (sealing records that "contain
16  personal identifying information and medical records that are not put at issue by this
17  action" under the "compelling reasons" standard). In addition, records are sealable
18  when they "might be used to gratify private spite or promote public scandal, to
19  circulate libelous statements, or as sources of business information that might harm a
20  litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d
21  1092, 1097 (9th Cir. 2016).

22  Guo Decl. The portion of this document that Plaintiffs are filling under seal
23  includes information about Plaintiff GUO's personal privacy, health, condition,
24  treatment, and medication. "Courts regularly find that 'individual privacy rights in []
25  health records outweigh the presumption in favor of public access to court records.'"
26  *Clark v. InComm Fin. Servs., Inc.*, 2024 WL 1699346, at *3 (C.D. Cal. Apr. 9, 2024)
27  (citing cases). This redacted portion of the document shall thus, remain under seal.
28

   <u>Hong Liang, M.D. Decl</u>. The portion of this document that Plaintiffs are filling under seal is a declaration from Plaintiff GUO's primary care physician which includes information about Ms. Guo's health, condition, assessment, and medication. This document should therefore remain under seal. *Clark,* 2024 WL 1699346, at *3.

   <u>Exhibit A to Guo Decl</u>. The document that Plaintiffs are filling under seal is a letter from Plaintiff GUO's psychotherapist which includes information about Ms. Guo health, condition, assessment and treatment. This document should therefore remain under seal. *Clark,* 2024 WL 1699346, at *3.

   <u>Exhibit B to Guo Decl</u>. The document that Plaintiffs are filling under seal is a copy of a document which includes information about Ms. Guo's health, condition, and medication/treatment. This document should therefore remain under seal. *Clark,* 2024 WL 1699346, at *3.

   <u>Page 4, lns. 21 to 25 to Plaintiffs' Motion to Set Aside Dismissal</u>. The portion of this document that Plaintiffs are filling under seal refers to the declaration by Plaintiff GUO's primary care physician which includes information about Ms. Guo's health, condition, assessment, and medication. This document should therefore remain under seal. *Clark,* 2024 WL 1699346, at *3.

   Because these records relate to confidential medical information, Plaintiffs seek to seal certain portions of her declaration to protect her privacy interests. This is a narrowly tailored request. *See Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *2 (C.D. Cal. July 3, 2018) (finding a compelling reason to protect medical privacy and granting an application to seal medical records); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-5501, 2014 WL 4805332, at *2 (N.D. Cal. Sept. 25, 2014) (granting an application to seal noting that the party's request was "narrowly tailored").

//
//

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant their application for leave to file Plaintiff GUO's health information in the at-issue documents under seal.

DATED: February 6, 2025        Respectfully submitted,

   /s/Christopher D. Lee
Christopher D. Lee
Attorneys for Plaintiffs Yao Guo aka Vanessa Guo and Gosdom, Inc.