Christopher D. Lee (SBN: 310042)
L.A. COMMERCIAL ATTORNEY, A PROF. LAW CORP.
9660 Flair Dr., Ste 438,
El Monte, CA 91731
Telephone: (626)782-7383
Facsimile: (626)782-7342
Email:Christopher@lacommerciallaw.com

Attorneys for Plaintiffs VANESSA GUO and GOSDOM, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAO GUO aka VANESSA GUO, an individual; and GOSDOM, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KEVIN ROBL, an individual; REMINGTON CHASE aka WILLIAM CHASE aka WILLIAM WESTWOOD, an individual; CHRISTOPHER BREMBLE, an individual; BASE MEDIA TECHNOLOGY GROUP LIMITED, a Hong Kong corporation; PRODUCTION CAPITAL LLC, a Delaware limited liability company; PRODUCTION HOUSE INTERNATIONAL, LLC, a Wyoming limited liability company; JOHN BURGEE, an individual; ROBERT ABRAMOFF, an individual; BURGEE & ABRAMOFF, a California law corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-05576-FWS-MAA<br><br>Honorable Fred W. Slaughter, Judge Presiding<br><br>**PLAINTIFFS YAO GUO AND GOSDOM, INC.'S NOTICE OF MOTION AND MOTION TO SET AISDE DISMISSAL DUE TO MISTAKE, INADVERTANCE, OR EXCUSABLE NEGLECT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[F.R.CP. 60]**<br><br>Date:         March 7, 2025<br>Time:        10:00 a.m.<br>Courtroom:  10D-Reagan Federal Building 411 W. 4th Street, Santa Ana, California 92701 |

**MOTION TO SET ASIDE DISMISSAL [RULE 60]**

**TO THE HONORABLE COURT:**

PLEASE TAKE NOTICE that Plaintiffs VANESSA GUO and GOSDOM, INC.("Plaintiffs") respectfully move this Court for an order setting aside the dismissal with prejudice for failure to prosecute their case. (Dkt. No. 66.) The requested relief is sought on the ground that there exists excusable neglect and other equitable reasons that justify relief under Federal Rule of Civil Procedure 60, and that the defaulted Defendants would suffer no prejudice if this motion were granted. More specifically, as will be documented herein, at the time of dismissal, Plaintiff Ms. Guo was suffering from *acute mental distress* which impaired her ability to communicate effectively with counsel and gather all the bank records required in the Court's 11-25-24 Order(Dkt. No. 65, p. 7). Therefore, in the interest of justice and fairness, Plaintiffs respectfully requests that this Court exercise its broad discretion to grant relief from dismissal.

This motion is being brought as soon as practically feasible and well within Rule 60's one-year limitation period. It is based on the pleadings in this case; this Memorandum of Points and Authorities; the declaration of Yao Guo("Guo Decl.") and its accompanying exhibits; the declaration of Christopher D. Lee ("Lee Decl.") and its accompanying exhibits; the declaration of Hong Liang, M.D.("Liang Decl."); all files and records in this matter; and any other arguments, evidence, and matters submitted to this Court, whether at a hearing or otherwise.

DATED:  February 5, 2025         Respectfully submitted,

  /s/Christopher D. Lee
Christopher D. Lee
Attorneys for Plaintiffs Yao Guo aka Vanessa Guo and Gosdom, Inc.

-2-
**MOTION TO SET ASIDE DISMISSAL [RULE 60]**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action arises from the Ponzi scheme Defendants CHASE, ROBL, and their entities unleased to defraud Plaintiffs (and their investors) into providing debt and equity financing. This massive Ponzi scheme ultimately resulted in a loss of over $14 million to Plaintiffs and their investors.

Following the Court's Order issued on November 15, 2024(Dkt. No. 65), Plaintiffs were unable to file a renewed default judgment motion by the required deadline. On January 10, 2025, this action was dismissed for failure to prosecute.

Plaintiffs respectfully request that this Court apply its power under Rule 60(b) to set aside the foregoing dismissal because the evidence shows that Plaintiffs' failure to act resulted from mistake, inadvertence, and/or excusable neglect. Specifically, the evidence shows that Plaintiffs' inability to submit the renewed motion with the supporting documents required in the Court's 11-25-24 Order was stemmed from the extenuating circumstances that arose from a relapse of Ms. Guo's pre-existing health condition, i.e., her *acute mental distress.* (Guo Decl., ¶¶4-5; Liang Decl. ¶2; Ex. A & B to Guo Decl.) The evidence further shows that counsel for Plaintiffs made a diligent effort in December 2024 to comply with the Court's order by obtaining a declaration from Robert Abramoff supporting their renewed default judgment motion. (Lee Decl., ¶3; Ex. C)

Granting this motion fully serves the interests of justice which strongly favor resolving claims on their merit. Conversely, defendants cannot begin to show that they would suffer any prejudice from merely having to defend their actions on the merits Moreover, Plaintiffs have acted diligently by filing this motion immediately upon being able to gather the required documents and declarations while allowing Ms. Guo to continue receiving necessary treatment.

1  Accordingly, the motion should be granted. The evidence demonstrates that
2  Plaintiff have met the requirements of Rule 60(b) relief. Moreover, dismissing the
3  case would (1) impose an excessively harsh sanction on Plaintiffs (who have
4  already suffered a tremendous monetary loss as victims of defendants' Ponzi
5  scheme) while (2) giving the defaulted defendants an indefensible windfall.

## II. FACTUAL BACKGROUND

In October 2024, Plaintiffs filed a Motion for Default Judgment against the defaulted defendants (Dkt. No. 63). In November 2024, the Court denied Plaintiffs' default judgment motion without prejudice (Dkt. No. 65) and directed Plaintiffs to submit a renewed default judgment motion by January 6, 2025, or face dismissal of this Action for failure to prosecute (*Id.*).

Because the Court's 11-25-24 Order required Plaintiffs, amongst other things, to submit bank records in support of the renewed motion, Plaintiff diligently reached out to their investors involved in the transactions(Guo Decl., ¶5), and their counsel obtained a declaration from Mr. Abramoff attesting to the receipts and deposits of funds from Plaintiffs and their investors(Lee Decl., ¶3; Ex. C).

While some supporting documents were obtained, Ms. Guo's relapse of a pre-existing health condition caused her temporary absence and prevented her from promptly communicating with counsel and providing the remaining bank records required by the Court. (Guo Decl., ¶¶4-5; Lee Decl., ¶3). As attested to by her primary care physician, (1) ██████████████ (2) ██████████████████ and (3) ██████████████████████████████████████

As a result of such extenuating circumstances, Plaintiffs were unable to file the renewed motion prior to the mandated deadline. In January 2025, a dismissal order was entered by the Court. (Dkt. No. 66).

**MOTION TO SET ASIDE DISMISSAL [RULE 60]**

### III.   ARGUMENT

Federal Rule of Civil Procedure 60 permits the District Court to set aside a judgment or dismissal when it finds that a party engaged in, *inter alia*, surprise, excusable neglect, or any other equitable reason that justifies relief. *See* Fed. R. Civ. Proc. 60(b)(1), (6).

In determining whether a party's failure to meet a deadline was caused by "excusable neglect" or should be forgiven for some "other equitable reason," the District Court has discretion to consider all the relevant circumstances and factors. Indeed, in 1993, in the U.S. Supreme Court's decision in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*("*Pioneer*") 507 U.S. 380, 395 (1993) *greatly expanded* the scope and application of rule 60(b.) *See Pincay v. Andrews*, 389 F.3d 853, 856 (9th Cir. 2004) ["A narrower test existed in many circuits before *Pioneer* that limited excusable neglect to situations that were beyond the control of the movant for an extension[.]"].

But *Pioneer* changed all that: "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence," and it includes "omissions caused by negligence." 507 U.S. at 394, 388. The determination of whether neglect is excusable "is at bottom *an equitable one*, taking account of all relevant circumstances surrounding the party's omission." *Id.*, emphasis added. Of course, the Ninth Circuit has fully embraced *Pioneer's* equitable test. *See e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)["We now hold that the equitable test set out in *Pioneer* applies to Rule 60(b) as well."].

The factors that now must be considered in engaging in the "equitable" analysis include any prejudice to the opposing party, any culpability of the party seeking relief, the length of any delay in seeking relief, the good faith of the party seeking relief, and any extenuating circumstances. *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015). For instance, in *Irvine Unified Sch. Dist. v. K. G.*,

-5-
**MOTION TO SET ASIDE DISMISSAL [RULE 60]**

1  853 F. 3d 1087(9th Cir. 2017), the Ninth Circuit upheld the district court's decision
2  to grant relief under Rule 60(b)(1), recognizing that the original attorney's severe
3  mental and physical health issues constituted "excusable neglect." *Id*. at 1091.
4        The *Pioneer* factors fully support granting relief in this case. For one thing,
5  Plaintiffs' failure to promptly file the renewed motion was certainly not a willful
6  failure to prosecute the action. Rather, given Ms. Guo's unavailability while she
7  was dealing with her bout of *severe mental distress*, the failure to timely file the
8  renewed motion resulted from excusable neglect and inadvertence.
9        Consideration of the second factor – whether any prejudice to the defaulted
10 defendant would occur if this motion were granted – likewise points decidedly in
11 favor of the requested equitable relief. Before this case was dismissed, the only
12 remaining defendants were the defaulted defendants that were served in May 2023.
13 (Dkt. 34, 35,36, 60, 61 & 62.) If the dismissal were set aside, then the Court would be
14 ruling on Plaintiff's renewed Motion for Default Judgment against the defaulted
15 defendants. Thus, there exists no conceivable prejudice to the defaulted defendants, as
16 the proceeding would simply resume. *See Augusta Fiberglass Coatings, Inc. v. Fodor*
17 *Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) [rejecting claim of prejudice
18 from weeks of delay because "we perceive no disadvantage to Augusta beyond that
19 suffered by any party which **loses a quick victory**."][emphasis added]; *see also*
20 *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1280
21 (5th Cir. 1985) ["the mere possibility of prejudice from delay, which is inherent in
22 every case, is insufficient to require denial of a 60(b)(1) motion."].
23       The third factor(e.g. any extenuating circumstances) leads to the same
24 conclusion.  Despite Plaintiffs' diligent attempts to obtain the records required under
25 the Court's November 25, 2024 Order, including counsel's efforts to secure a
26 supporting declaration from Mr. Abramoff (attached as Exhibit C), and Ms. Guo's
27 outreach to investors involved in the transactions, Ms. Guo's pre-existing mental
28 health condition caused her to suffer a mental breakdown during which she was unable

-6-
**MOTION TO SET ASIDE DISMISSAL [RULE 60]**

to promptly communicate with counsel about the proceeding or to provide supporting documents required by the Court. (Guo Decl., ¶¶ 4-5).   The apparent reason for Ms. Guo's breakdown was that many of her investors had sued her and/or were threatening to sue for loss of their money due to the defaulted defendants' Ponzi scheme which Ms. Guo allegedly introduced them into. (*Id*., ¶5)  Indeed, one of these investors had even previously made *personal threats to Ms. Guo and her family*, which forced her to obtain a restraining order by the Los Angeles County Superior Court. (*Id*., ¶3)  As a result of Ms. Guo's temporary inability to participate in this case, Plaintiffs were unable to file the renewed default judgment motion before the mandated deadline. These factors weigh heavily in favor of a finding of excusable neglect or other equitable reasons.  See *TSI USA LLC v. Uber Techs., Inc.*, No. 17-cv-03536-HSG, 2020 U.S. Dist. LEXIS 1528, 2020 WL 60208, at *2 (N.D. Cal. Jan. 6, 2020) [finding reason for delay significant where plaintiff's counsel experienced family emergency]; *In re Nemee, No. 1:12-cv-02048-LJOCase SKO*, 2013 U.S. Dist. LEXIS 71981, 2013 WL 2244405, at *6 (E.D. Cal. May 21, 2013) [finding persuasive reason for delay where attorney "suffered medical problems and traveled for a family emergency."].

     Fourth,  the length of the delay is reasonable given that Plaintiff filed this motion as soon as practically feasible. Rule 60(b) simply requires that the motion be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Because the dismissal order was issued on January 10, 2025, the delay amounted to *less than four weeks* (the time that elapsed between the Court's original deadline and the filing of this motion.) That  modest delay is not unreasonable under the circumstances in light of the need to gather supporting documents, declarations, etc. and to allow Plaintiff to continue treatment for her condition. *Lemoge v. United States*, 587 F.3d 1188, 1193-94 (9th Cir. 2009) [granting plaintiffs' Fed. R. Civ. P. 60(b) motion when it was filed seven months after dismissal due to medical issues]; *See also Bateman, supra,* 231 F.3d at

1225 (9th Cir. 2000) [granting plaintiffs' Fed. R. Civ. P. 60(b) motion where the delay was over one month].

Fifth, Plaintiffs were acting in good faith. Plaintiffs prepared this Motion for filing as soon as client's condition permitted and almost immediately upon receipt of the supporting documents. (Lee Decl., ¶4) As discussed above, the delay was a result of a significant health emergency, "not the product of a deliberate attempt to violate the rules or to cause harm to the opposing party." *Kroll v. Kaiser Found. Health Plan Long Term Disability Plan*, 2011 U.S. Dist. LEXIS 126386, 2011 WL 13240371, at *3 (N.D. Cal. Aug. 25, 2011). As stated, prior to the dismissal, Plaintiffs diligently made attempts to reach out to their investors(Guo Decl., ¶5), and their counsel obtained a declaration from Mr. Abramoff supporting the renewed motion. (Lee Decl., ¶3; Ex. C).

Accordingly, the factual record shows that Plaintiffs' conduct was a matter of excusable neglect and/or was justifiable for "other equitable reason[s]"under rule 60(b).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant the motion, and set aside the dismissal. Plaintiffs have met the requirements of Rule 60(b), and the defaulted defendants would not suffer any prejudice if the dismissal order were to be set aside.

DATED: February 5, 2025            Respectfully submitted,

  /s/Christopher D. Lee
Christopher D. Lee
Attorneys for Plaintiffs Yao Guo aka Vanessa Guo and Gosdom, Inc.

-8-
**MOTION TO SET ASIDE DISMISSAL [RULE 60]**